# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MONIRUL QUASEM, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:19-cv-01050 |
| v. | ) |
| | ) Judge William L. Campbell, Jr. |
| PERVACIO, INC., | ) Magistrate Judge Jeffery S. Frensley |
| Defendant. | ) |

## ENTRY OF DEFAULT

Pending is Plaintiff's Second Request for Entry of Default against Defendant Pervacio, Inc. pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 13). For the following reasons and pursuant to Local Rule 7.01(b), Plaintiff's Request is **GRANTED**.

Plaintiff filed its original complaint on November 22, 2019. (Doc. No. 1). Summons was issued as to Pervacio, Inc. and its Registered Agent for service of Process, CT Corporation System on November 25, 2019. (Doc. No. 4). On August 8, 2020, Plaintiff filed its first Request for Entry of Default, which was denied for failure to provide proof of service. (Doc. Nos. 10 and 11).

On November 13, 2021, Plaintiff filed the pending Motion. (Doc. No. 13). In support, Plaintiff submits the Affidavit of Service by process server Richard Sizemore in with Mr. Sizemore states that he personally served Pervacio, Inc.'s registered agent for service of process, CT Corporation, on December 13, 2019. (Doc. No. 13-1).

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing

1

> party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01. In support of the Motion, Plaintiff submitted the Affidavit of Robert C. Bigelow. (Doc. No. 13-2). Bigelow states in his declaration that Defendant was served on December 13, 2019, as evidenced by the Affidavit of Service, and that Defendant has failed to plead or otherwise defend this action *Id.*

The Clerk finds that Plaintiff has now met the requirements of Local Rule 55.01. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, Plaintiff's second Request for Entry of Default (Doc. No. 13) is **GRANTED.**

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court